UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAMES DAVID THUNDER,**

**Plaintiff,**

**v.** **Case No. 26-C-1717**

**KELLY PADE,**
**HEIDI MICHALES,**
**TODD DOE, and**
**A. MASON,**

**Defendants.**

---

## SCREENING ORDER

---

Plaintiff James David Thunder, who is currently serving a state prison sentence at Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On October 29, 2026, the court screened and dismissed Plaintiff's original complaint for failing to state a claim upon which relief may be granted but allowed Plaintiff the opportunity to file an amended complaint. (Dkt. No. 10.) This matter comes before the court to screen Plaintiff's amended complaint. The standards for screening a complaint were set forth in the court's earlier screening order and will not be repeated here.

Plaintiff alleges that Defendants either lost his property while he was housed at the Brown County Jail or did not assist him in recovering his property. As the court explained in the October 29, 2026, screening order, the unauthorized or negligent deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Wisconsin's postdeprivation remedies have long been recognized as

adequate for redressing lost property. *See Greeno v. Litscher*, 13 F. App'x 370, 376–77 (7th Cir. 2001) (citing Wis. Stat. §§ 893.35 and 893.51). Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this case will be dismissed. While Plaintiff may not proceed on a constitutional deprivation of property claim in federal court, he may pursue a state law claim in state court in connection with the alleged deprivation of his property.

Plaintiff has also filed a motion for a preliminary injunction. A party seeking a preliminary injunction must make a threshold showing that "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612–13 (7th Cir. 2020) (internal quotation marks and citation omitted). Because Plaintiff has failed to state a claim upon which relief may be granted, he fails to show that he is entitled to relief. Therefore, Plaintiff's motion for a preliminary injunction is denied.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 17th day of November, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.